UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHRISTY MCSWIGGIN and KEVIN MCSWIGGIN,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>OMNI LIMOUSINE,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:14-CV-2172 JCM (NJK)<br><br>ORDER |

Presently before the court is plaintiffs Christy and Kevin McSwiggin's motion for circulation of notice pursuant to 29 U.S.C. § 216(b). (Doc. # 12). Defendant Omni Limousine ("Omni") filed a response, (doc. # 15), and plaintiffs filed a reply, (doc. # 18).

**I.　Background**

On December 19, 2014, plaintiffs filed a collective and class action complaint against Omni. (Doc. # 1). In their complaint, plaintiffs allege various causes of action for unpaid wages under the Fair Labor Standards Act ("FLSA"), Nevada Revised Statutes, and Nevada Constitution on behalf of themselves and all similarly situated individuals. (Doc. # 1).

On April 9, 2015, plaintiffs filed the present motion for circulation of notice directing that other persons similarly situated to plaintiffs be given notice of the pendency of this action and an opportunity to file written consents to join this action. (Doc. # 12).

**II.　Legal Standard**

Congress created the FLSA to provide a uniform national policy of guaranteeing compensation for all work or employment covered by the Act. *Barrentine v. Ark.–Best Freight Sys.*, 450 U.S. 728, 741 (1981). The FLSA grants individual employees broad access to the courts

and permits an action to recover minimum wages, overtime compensation, liquidated damages, or to gain injunctive relief. *Id.* at 740.

Under the FLSA, an employee may initiate a collective action on behalf of himself and other similarly situated people. 29 U.S.C. § 216(b). Court-supervised notice of pendency of § 216(b) actions "serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Hoffman–La Roche, Inc. v. Sperling*, 493 U.S. 165, 172 (1989).

There is a two-tiered approach to certifying a collective action under the FLSA. The first tier is the "notice stage" which requires only a "modest factual showing." *Small v. Univ. Med. Ctr. of S. Nev.*, no. 2:13-cv-00298-APG-PAL, 2013 WL 3043454, at *1 (D. Nev. June 14, 2013). "The bar is quite low . . . typically result[ing] in conditional class certification." *Id.* In the notice stage, the essential question is whether employees are sufficiently similarly situated, so that notice should be sent to prospective plaintiff[s]." *Id.*

Although the standard is low, the motion must "provide substantial allegations, supported by declarations or discovery, that the putative class members were together the victims of a single decision, policy, or plan." *Small*, 2013 WL 3043454, at *1. The plaintiffs must show "a factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged policy or practice," and "plaintiffs cannot proceed . . . if the action relates to other specific circumstances personal to the plaintiff rather than any generally applicable policy or practice." *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1138 n.6 (D. Nev. 1999).

### III.   Discussion

Pursuant to local rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Defendant Omni "consents to the distribution of the notice." (Doc. # 15). Accordingly, the court will grant plaintiffs' motion for circulation of notice and address only the parties proposed changes.

Plaintiffs provide a proposed notice of circulation, consent to join the lawsuit, and order. (Doc. # 12). Defendant's response suggests changes to plaintiffs' proposed notice, consent to join

**James C. Mahan**
**U.S. District Judge**

- 2 -

the lawsuit, and order. (Doc. # 15). Defendant submitted these modifications for the court's consideration, which are marked in "red line" and attached as exhibits. (Doc. # 15).

Defendant proposes changes including creating a sixty-day cutoff period for opting-in to the class action; requiring that opt-in plaintiffs mail the signed consent to the clerk of the court; modifying the notice so that social security numbers are not obtained from every plaintiff; removal of "non-exempt" employee references; changing the statute of limitations period from three years to two years; changing the language so it is more neutral; and informing potential plaintiffs of their rights and potential obligations. (Doc. # 15). Plaintiffs' reply addresses defendant's proposed changes.

   *a. Opt-in time period*

Plaintiffs' original proposal did not include an end date for the opt-in period. Defendant requests 60 days for putative class members to opt-in to the present suit. Plaintiffs' reply that 120 days is an appropriate opt-in period. The court concludes that 90 days will suffice to give potential collective action members time to decide whether to participate in this suit.

   *b. Where to mail the signed consent*

Defendant requests that opt-in plaintiffs mail the signed consent to the clerk of the court. Plaintiffs request that opt-in plaintiff's mail consent to a neutral third party administrator of plaintiff's choosing. Defendant asserts that filing with the clerk will avoid delay and eliminate arguments as to when consents were received and filed. Plaintiffs claim that the use of a neutral third party administrator will prevent issues with printing, the mailing process, and documentation of the notice process, as well as prevent confusion by potential opt-in plaintiffs regarding judicial neutrality. Plaintiffs have not yet proposed a neutral third party administrator.

In *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981), the Supreme Court held that "[b]ecause of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Id.* at 100. Therefore, the court concludes that it is in the best interest of all parties for opt-in plaintiffs to mail their consents to join to a neutral third party administrator. Plaintiffs are ordered

**James C. Mahan**
**U.S. District Judge**

to submit the name of the proposed neutral third party administrator to defendants and the court within ten days from the date of this order.

### c. Requesting social security numbers

Plaintiffs argue that social security numbers are required to perform skip traces on undeliverable notice and consent mailings. Plaintiffs further contend that preventing them from performing skip traces precludes plaintiffs from providing notice to potential plaintiffs.

Defendant argues that requests for social security numbers should wait until the need for performing skip traces occurs. Defendant also claims that requesting social security numbers this early violates the privacy of individuals that are not yet connected to this suit.

Potential opt-in plaintiffs are not yet members of the lawsuit. Moreover, just because an individual is a potential plaintiff, that does not mean he or she will be accepted into the class. Thus, the court finds the plaintiffs request for social security numbers premature.

### d. "Non-exempt" employee references

Plaintiffs do not oppose defendant's request to delete language limiting the potential class members to "non-exempt" employees under "who may participate in this lawsuit." (Doc. # 18). Accordingly, the court concludes that defendants proposed notice and proposed order, which strike language concerning "non-exempt" employees, will be used. (Doc. # 15-6 ¶ 2; 15-2 at 3).

### e. Statute of limitations period

29 U.S.C. § 255 sets forth the applicable statute of limitations: "Any action . . . to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation or liquidated damages under the Fair Labor Standards Act . . . shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years." 29 U.S.C. § 255.

Defendant requests that, for distribution of the notice, the court change the statute of limitations period from three years to two years because the issue of whether there was a "willful" violation of the FLSA has not yet been decided.

James C. Mahan
U.S. District Judge

- 4 -

1    Plaintiffs argue that their notice clearly states that the maximum time period potential opt-in plaintiffs can collect unpaid wages is three years. Further, plaintiffs assert that the next sentence of the notice states, "[i]f the Plaintiffs cannot prove the defendant acted willfully, the statute of limitations is two years." Moreover, plaintiffs contend that the question of whether defendant's conduct was "willful" is a determination for the trier of fact at trial and thus potential plaintiffs who fall outside the two-year limitations period, but meet the expanded three-year period, must be given an opportunity to join this action now.

The court finds that the proposed notice adequately disclaims that three years is the maximum time period where potential plaintiffs may collect unpaid wages. Requiring plaintiffs to change the proposed notice to two years could deprive potential plaintiffs from joining this suit. Accordingly, the statute of limitations period will be listed as three years so long as the notice makes clear that three years is the maximum time frame, that "willfulness" must be proven, and that if willfulness is not proven, a two year statute of limitations applies.

### *f.  Neutral language*

Defendant argues that language in the notice is a "rallying cry" for plaintiffs. Therefore, defendant requests changing certain language to make the notice more neutral. Defendant asserts that doing so would allow potential plaintiffs to make a more informed decision about participating in the suit.

Plaintiffs contend that their proposed notice does not encourage actual participation in this case or solicitation of litigation and makes clear that the court has made no opinion on the merits of this case. Plaintiffs also claim that potential plaintiffs reserve the choice of whether to opt-in to this lawsuit.

The court concludes that the parties shall confer in good faith within thirty days and arrive at mutually acceptable "neutral" language.

### *g.  Potential plaintiff's rights and obligations*

Defendant argues that the notice should inform potential plaintiffs of their rights and potential obligations with respect to joining the lawsuit, as well as their ability to choose their own counsel. Plaintiffs counter that the proposed notice informs potential plaintiffs of their rights and

**James C. Mahan**
**U.S. District Judge**

- 5 -

obligations and clearly indicates that they have a right to file their own actions should they desire. Plaintiffs argue that potential plaintiffs are informed in five sections of the proposed notice that it is their choice as to whether they join this particular lawsuit or not.

The court concludes that defendants proposed notice, proposed consent to join, and proposed order best illustrates potential plaintiff's rights and potential obligations. Accordingly, defendant's proposals will be used concerning potential plaintiff's rights and potential obligations.

   *h. Tolling the statute of limitations*

Pursuant to 29 U.S.C. § 256, the statute of limitations for claims brought under the FLSA runs until consent to join is filed with the court. Plaintiffs request that the court toll the statute of limitations period while this motion is pending. (Doc. # 12). Defendant did not respond to this request.

Pursuant to local rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Further, the court concludes that the statute of limitations will be tolled while this motion is pending. *See Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 543 (N.D. Cal. 2007) ("Faultless potential plaintiffs should not be deprived of their legal rights on the basis of a defendant's delay, calculated or otherwise."). If the court chose not to toll the statute of limitations, it would encourage defendants to oppose motions for circulation of notice, even where they lack merit. Accordingly, the statute of limitations will be tolled from the date plaintiff's filed this motion until the date the court enters this order.

   *i. Sur-reply*

Finally, defendant included one sentence in its response requesting permission to submit a sur-reply should plaintiffs submit a reply brief. Defendant states no reasons for why it requires a sur-reply. A request for a sur-reply must be filed in motion form. *See* Fed. R. Civ. P. 7(b). Accordingly, the court will not address defendant's request.

The court finds that plaintiffs have met the threshold burden to conditionally certify and circulate notice of pendency in this action to prospective class members. The statute of limitations

**James C. Mahan**
**U.S. District Judge**

- 6 -

will be tolled as requested in plaintiffs' motion (Doc. # 12). The parties will be ordered to meet in good faith in an effort to arrive at a mutually acceptable form of notice.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion for circulation of notice pursuant to 29 U.S.C. § 216(b) (doc. # 12) be, and the same hereby is, GRANTED in accordance with the provisions of this order and as follows:

1. Counsel for plaintiffs shall use the form of notice plaintiffs attached to their motion for circulation of notice of the pendency of this action pursuant to 29 U.S.C. § 216(b) and for other relief (doc. # 12), with the following revisions:
   a. create an opt-in period of 90 days,
   b. opt-in plaintiffs will mail signed consent to a neutral third-party administrator,
   c. social security numbers will not yet be obtained from potential plaintiffs,
   d. language discussing "non-exempt" employees will be eliminated,
   e. the statute of limitations period will be listed as three years so long as the notice makes clear that three years is the maximum time frame, that "willfulness" must be proven, and that if willfulness is not proven, a two year statute of limitations applies,
   f. defendant's proposed notice, proposed consent to join, and proposed order will be used concerning potential plaintiff's rights and potential obligations.
2. Counsel for the parties must meet and confer in good faith within thirty days and arrive at a mutually acceptable form of notice. The parties have up to and including **August 14, 2015**, to file a stipulation and proposed form of order with the court.
3. Putative class members shall have ninety days from circulation of the notice in which to opt-in to this action.

**James C. Mahan**
**U.S. District Judge**

- 7 -

4. Plaintiffs shall submit the name of the proposed neutral third party administrator to defendants and the court within 10 days from the date of this order. Defendants have 5 days to file an objection.

DATED July 16, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**