Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar. No. 13161
leah@thiermanbuck.com
THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, Nevada  89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTY MCSWIGGIN and KEVIN MCSWIGGIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>OMNI LIMOUSINE; and DOES 1 through 50, inclusive,<br><br>Defendant(s). | Case No.: 2:14-cv-02172-JCM-NJK<br><br>**STIPULATED NOTICE, CONSENT TO JOIN AND ORDER APPROVING FLSA NOTICE** |

Plaintiffs CHRISTY MCSWIGGIN and KEVIN MCSWIGGIN ("Plaintiffs"), and Defendant OMNI LIMOUSINE ("Defendant"), through their respective counsel, hereby submit their stipulated proposed forms of the Notice, Consent to Join and Order Approving FLSA Notice.

Pursuant to the Court's Order dated July 16, 2015 (ECF Doc. No. 21), the parties have met and conferred regarding the changes to the documents ordered by the court and have arrived at mutually acceptable forms. The revised [Proposed] Notice of Pendency of FLSA

1

1  Collective Action Lawsuit is attached hereto as Exhibit A, the Consent to Join Lawsuit Filed
2  Under the Federal Fair Labor Standards Act is attached hereto as Exhibit B and the [Proposed]
3  Order Approving FLSA Notice is attached hereto as Exhibit C.
4  Dated: August 14, 2015.

| THIERMAN LAW FIRM | HOLLAND AND HART, LLP |
|---|---|
| */s/ Joshua D. Buck* | /s/*Anthony L. Hall* |
| Mark R. Thierman, Esq., Nev. Bar No. 8285 | Anthony L. Hall Esq., Nev. Bar No. 5977 |
| Joshua D. Buck, Esq., Nev. Bar No. 12187 | 5441 Kietzke Lane |
| Leah L. Jones, Nev. Bar. No. 13161 | Second Floor |
| 7287 Lakeside Drive | Reno, NV 89511 |
| Reno, Nevada 89511 | *Attorneys for Omni Limousine* |
| *Attorneys for Plaintiffs* | |

**ORDER**

**IT IS SO ORDERED.**

Dated: August 18, 2015.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTY MCSWIGGIN and KEVIN MCSWIGGIN, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>OMNI LIMOUSINE; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendant(s). | Case No.: 2:14-cv-02172<br><br>**NOTICE OF PENDENCY OF FLSA COLLECTIVE ACTION LAWSUIT** |

TO:　All current and former employees who were employed by Omni Limousine ("Omni") as limousine drivers at any time from December 19, 2011 to the present.

RE: Fair Labor Standards Act lawsuit filed against OMNI LIMOUSINE.

## **INTRODUCTION**

The purpose of this notice is to advise you of the existence of a lawsuit under the Fair Labor Standards Act ("FLSA") that has been filed against the above-listed company and to advise you of your legal rights in connection with this lawsuit.

## **DESCRIPTION OF THE LAWSUIT**

(a)　On December 19, 2014, Plaintiffs CHRISTY MCSWIGGIN and KEVIN MCSWIGGIN ("Plaintiffs") filed a class and collective action complaint against OMNI LIMOUSINE; and DOES 1 through 50, inclusive (referred to throughout the rest of this Notice as "Omni" or "Defendants"). Plaintiffs filed the class and collective action lawsuit on behalf of themselves and all other similarly situated employees, alleging that Omni did not pay overtime compensation, and failed to pay the correct hourly rate for overtime hours worked under the Fair Labor Standards Act ("FLSA"), and thus should have paid them wages, including overtime. The Plaintiffs seek backpay and damages.

(b)　Omni believes that Plaintiffs were properly paid or the work performed, denies Plaintiffs' claims, and denies that it is liable to Plaintiffs for any damages resulting from this lawsuit. Omni believes that Plaintiffs and similarly-situated limousine drivers who worked for

Omni are exempt from the provisions of the FLSA, and thus, not entitled to overtime compensation.

(c) Individuals who join the lawsuit may be asked for evidence to support their claim.

(d) The Plaintiffs in this case are not seeking any determination of drivers' tax status. The lawyers involved in this lawsuit do not give tax advice. Your tax advisor is your best source of information concerning your own individual circumstances and the effect, if any, that the outcome of this case may have on your tax status.

(e) This Notice is not an expression by the court of any opinion as to the merits of any claims or defenses asserted by any party to this action. You are under no obligation to respond to this notice.

**DEFINITION OF WHO MAY PARTICIPATE IN THIS LAWSUIT**

To participate in this lawsuit, you must be a current or former employee who was or is employed by Omni as a limousine driver at any time from approximately three (3) years (plus any applicable tolling period, which is approximately 98 days) prior to the date you receive this notice .

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT**

**1. ASK TO BE INCLUDED:** If you fit the definition above, you may join this case by mailing the enclosed "Consent to Join" form to the third party administrator ("the Administrator") at the following address:

> CPT Group, Class Action Administrators
> 16630 Aston
> Irving, CA  92606

If you want to join this lawsuit, you must send the form to the Administrator so the attorneys prosecuting this case have time to file it with the Federal Court. While you have no obligation to join this lawsuit, if you want to join it, **the "Consent to Join" form must be received by the Administrator by [90 days from the date of Order].** Consent to Join forms received after [90 days from the date of the Order] will be rejected unless good cause is shown for the delay.

**2. DO NOTHING:** If you decide you do not want to join this lawsuit, do not return the Consent to Join form. You will not be included in this collective action. You give up the possibility of getting money or benefits that may come from a trial or settlement in this lawsuit if those bringing the lawsuit are successful but you keep any rights you have to sue Omni separately about the same legal claims provided that you act within the requisite time frame to do so under the law.

## EFFECT OF JOINING THIS SUIT

If you choose to join this case, you will be bound by the decision of the court, whether it is favorable or unfavorable.

If you sign and return the "Consent to Join" form you are agreeing to designate the Plaintiffs as your agents to:

1) make decisions on your behalf concerning this lawsuit;
2) decide the method and manner of conducting this lawsuit;
3) enter into an agreement with Plaintiffs' counsel concerning attorneys' fees and costs; and
4) decide all other matters pertaining to this lawsuit.

These decisions and agreements made and entered into by the representative Plaintiffs will be binding on you if you join this lawsuit. However, the court has jurisdiction to determine the reasonableness of any settlement with Omni, and any agreement concerning the reasonableness of any attorneys' fees and costs that are to be paid to the Plaintiffs' counsel.

If Plaintiffs prevail in this litigation, the attorneys for the class will request that the court either determine or approve the amount of attorneys' fee and costs they are entitled to receive for their services. The FLSA provides only for attorney fees for the Plaintiffs, if successful, and not for Omni, although a Court could award Omni attorneys' fees for misconduct or other reasons.

While the suit is pending, you may be asked to provide documents or information relating to your work for Omni, you may have to submit to a deposition under oath, and you may be required to otherwise participate in written or oral discovery proceedings and/or in a trial of this matter.

## LEGAL EFFECT OF NOT JOINING THIS SUIT

You do not have to join this lawsuit. If you do not wish to participate in this lawsuit, then do nothing. If you choose not to join this lawsuit, you will not be affected by any judgment, dismissal, or settlement rendered in this lawsuit, whether favorable or unfavorable to the class. This means that if Plaintiffs win, you will not collect any money from this lawsuit; if Plaintiffs lose, you will not lose any claims you may or may not have under the FLSA provided that you file within the requisite statute of limitations (see section below). If you choose not to join this lawsuit you are free to file your own lawsuit provided that you file within the requisite statute of limitations (see section below)

## STATUTE OF LIMITATIONS ON POTENTIAL CLAIMS

The maximum period of time that you can collect unpaid wages under the FLSA is three (3) years from when you worked the hours, but were not paid at least minimum wage, your regular

NOTICE OF THE PENDENCY OF FLSA COLLECTIVE ACTION LAWSUIT

rate, or the legally correct overtime rate. If the Plaintiffs cannot prove Omni acted willfully, the statute of limitations is two (2) years.

The statute of limitations continues to expire until you file with the court a written consent to join this lawsuit, or initiate your own lawsuit to collect your unpaid wages.

### NO RETALIATION OR COERCION PERMITTED

Federal Law prohibits Defendant from retaliating against you for exercising your rights under the FLSA to seek compensation. The law also prohibits Plaintiffs or their attorneys from coercing you to join this lawsuit.

### YOUR IMMIGRATION STATUS DOES NOT MATTER IN THIS CASE

You are entitled to back pay for the alleged unpaid wages and liquidated damages under the FLSA even if you are not otherwise legally entitled to work in the United States. Bringing a claim in the court for unpaid wages is not a basis for you to be deported from the United States.

### YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this lawsuit and agree to be represented by the named Plaintiffs through their attorneys, your counsel in this action will be:

**Mark R. Thierman and Joshua D. Buck**
**Thierman Buck, LLP**
**7287 Lakeside Drive**
**Reno, NV 89511**
**775-284-1500**
**Email: info@thiermanbuck.com**
**www.thiermanbuck.com**

### FURTHER INFORMATION

Further information about this Notice, the deadline for filing a "Consent to Join" form, or questions about this lawsuit may be obtained by contacting Thierman Buck, LLP at the contact information listed immediately above.

The court has taken no position in this case regarding the merits of the Plaintiffs' claims or of the Defendant's defenses.

### DO NOT CONTACT THE CLERK OF THE COURT

DATED: August 18, 2015.

_James C. Mahan_
U.S. DISTRICT COURT JUDGE

4

# EXHIBIT B

# EXHIBIT B

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTY MCSWIGGIN and KEVIN MCSWIGGIN, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>  vs.<br><br>OMNI LIMOUSINE; and DOES 1 through 50, inclusive,<br><br>        Defendant(s). | Case No.: 2:14-cv-02172<br><br>**CONSENT TO JOIN LAWSUIT FILED UNDER THE FEDERAL FAIR LABOR STANDARDS ACT** |

To:    CPT Group, Class Action Administrators

        16630 Aston

        Irvine, CA 92606

I consent to become a party plaintiff in this lawsuit, and I hereby designate the named plaintiffs to act on my behalf. I understand that this lawsuit has been brought under the Fair Labor Standards Act ("FLSA") against OMNI LIMOUSINE ("Omni"). I have read the Notice accompanying this Consent to Join. I work, or have worked, for Omni at some point from December 19, 2011 to the present.

Signature: _____

Date signed: _____

Print Name: _____

Address: _____

City, State & Zip: _____

Telephone number: _____

Email: _____

# EXHIBIT C

# EXHIBIT C

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTY MCSWIGGIN and KEVIN MCSWIGGIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>OMNI LIMOUSINE; and DOES 1 through 50, inclusive,<br><br>Defendant(s). | Case No.: 2:14-cv-02172-JCM-NJK<br><br>**ORDER APPROVING FLSA NOTICE** |

The Court Orders as follows:

1. The Court adopts the attached Notice and Consent to Join form for use in this case.

2. Notice of this lawsuit will be sent to all current and former employees who are or were employed by OMNI LIMOUSINE ("Omni") as a limousine driver at any time from December 19, 2011 to the present.

3. If it has not already done so, within twenty-one (21) days of the date of this Order, Omni will provide to Plaintiffs' counsel a list in electronic format (to the extent Omni maintains such information in electronic form in the ordinary course of business) of the (a) full name; (b) last known address; and (c) telephone number of each person who falls in the definition set forth in paragraph two (2) of this Order. Plaintiffs' counsel will treat this information as confidential and will not disclose it to third parties.

4. Within twenty-eight (28) days of the date of this Order, the Claims Administrator shall mail a Notice, and a Consent to Join form to each person identified on the list discussed in Paragraph 3 of this Order.

5. Any person who wishes to opt into this lawsuit must properly complete and sign the Consent to Join form and return it to the Claims Administrator so that it is received no later than 90 days from the date of this Order.

6. If any notice package is returned undeliverable, Defendant will provide the social security number of that individual to Plaintiffs' counsel for the limited purpose described in Paragraph 7.

7. Plaintiff's counsel will provide the Claims Administrator with social security numbers for the sole purpose of performing skip-traces to identify new mailing addresses for notices returned undeliverable.  The Claims Administrator will promptly use the new mailing address provided by Plaintiffs' counsel and mail the notice package to that alternate address. The Claims Administrator will keep a record of: (a) the date on which any notice package is returned undeliverable; (b) the date on which the undeliverable notice package is sent to an alternate address; and (c) any updated addresses. All copies of social security numbers, including any electronic file or other document containing the numbers, will be destroyed once the skip trace analysis is completed.

8. The Claims Administrator will date-stamp and number each properly completed Consent to Join form and accompanying envelope that is sent to them. The Claims Administrator will send a copy of the Consent to Join forms it receives to Plaintiffs' and Defendant's counsel on each Friday after the initial mailing.

9.  Plaintiffs' counsel will file the list of list of the people who timely returned Consent to Join forms identified above and the timely Consent to Join forms with the Court within thirty days after receipt, or earlier.  Plaintiffs' counsel will retain a copy of the list and the envelopes in which the Consent to Join forms were received.

**IT IS SO ORDERED**

DATED:  August 18, 2015.

_____
U.S. DISTRICT COURT JUDGE

2