# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTY MCSWIGGIN, et al., ) | Case No. 2:14-cv-02172-JCM-NJK |
| Plaintiff(s), ) | |
| vs. ) | **ORDER DENYING *EX PARTE* MOTION** |
| OMNI LIMOUSINE, ) | (Docket No. 25) |
| Defendant(s). ) | |

    Pending before the Court is Plaintiffs' *ex parte* motion. Docket No. 25. An *ex parte* motion is one to which the opposing party is not given notice or an opportunity to be heard. *See* Black's Law Dictionary (defining *ex parte* as something done "without notice to, or argument by, any person adversely interested"). *Ex parte* motions are disfavored and are only proper in those extremely limited instances in which compelling reasons have been shown. *See, e.g.*, *Maxson v. Mosaic Sales Solutions U.S. Operating Co.*, 2015 WL 4661981, *1 (D. Nev. July 29, 2015).

    It appears that Plaintiffs have misfiled the pending request because the motion makes clear that opposing counsel was provided notice of the motion from Plaintiffs' counsel and that Plaintiffs are anticipating a potential response to be filed by Defendant. *See* Docket No. 25 at 2 (outlining attempts to contact opposing counsel and indicating that "[i]t is unknown whether [Defendant's counsel] will oppose Plaintiff's Application"). Hence, it does not appear that Plaintiffs are actually seeking relief on an *ex parte* basis notwithstanding their filing for *ex parte* relief. Moreover, compelling reasons have not been shown for the filing of the pending request on an *ex parte* basis.

Accordingly, for the reasons discussed more fully above, the pending *ex parte* motion is **DENIED** without prejudice. Plaintiffs shall properly file the motion without an *ex parte* designation if they continue to seek the relief requested.[1]

IT IS SO ORDERED.

Dated: November 9, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] To the extent Plaintiffs are attempting to have their motion briefed and decided on an expedited basis, they should file an "emergency" motion that complies with the applicable technical and substantive requirements. *See, e.g.*, *Cardoza v. Bloomin' Brands, Inc.*, \_\_\_ F. Supp. 3d \_\_\_\_, 2015 WL 6123192, *1-5 (D. Nev. Oct. 16, 2015).