**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHRISTY MCSWIGGIN, et al.,                 )
                                           )        Case No. 2:14-cv-02172-JCM-NJK
                    Plaintiff(s),          )
                                           )        ORDER
vs.                                        )
                                           )        (Docket No. 30)
OMNI LIMOUSINE,                            )
                                           )
                    Defendant(s).          )
_____)

       Presently before the Court is Defendant's motion to compel.  Docket No. 30.  Plaintiffs filed a response in opposition, and Defendant submitted a reply.  Docket Nos. 32, 33.  The Court finds this motion appropriately resolved without oral argument.  *See* Local Rule 78-2.  For the reasons discussed more fully below, Defendant's motion to compel is **GRANTED** in part and **DENIED** in part.

## I.    BACKGROUND

       On December 19, 2014, Plaintiffs filed a collective and class action complaint against Defendant, alleging various claims for unpaid wages.  Docket No. 1.  On July 16, 2015, United States District Judge James C. Mahan found that Plaintiffs "met the threshold burden to conditionally certify [the class] and circulate notice of pendency in this action to prospective class members."  Docket No. 21 at 6.  However, on November 10, 2015, Plaintiffs' counsel informed the Court that he "inadvertently neglected to provide the agreed upon third party administrator with the approved FLSA Notice, and thus, no notice or opportunity to opt in to this litigation has been given to the class members."  Docket No. 27 at 1.  Plaintiffs' motion to extend the opt-in period is pending.  *See generally*, Docket

No. 27.  Accordingly, the final number of opt-in Plaintiffs is uncertain.  As it stands, a total of six plaintiffs currently exist: two named plaintiffs – Christy and Kevin McSwiggin –  and four opt-in plaintiffs – Bruce Williams, Dawn-Marie Voss, Mark Voss, and Nita Stern.  Docket No. 30 at 1.  Plaintiffs estimate a class of about seventy.  *Id*. at 2.

This discovery dispute stems from interrogatories Defendant propounded on August 26, 2015.  *Id*.  Served separately on each Plaintiff, the interrogatories fall in two categories: those pertaining to the damages claimed and those pertaining to wages, tips, bonuses, and income received by Plaintiffs as well as allegedly unpaid wages.[1]  *See, e.g.*, Docket No. 30-1 at 9-17.  After having requested and received a two-week extension, Plaintiffs responded with host of objections and explained that supplemental information would follow.  Docket No. 30-1 at 2-4 (correspondence as to two-week extension and supplemental information); *see also* Docket No. 30-1 at 7-20; 22-39 (Plaintiff Kevin McSwiggin's initial discovery responses).

On November 23, 2015, Defendant's counsel wrote to Plaintiffs' counsel, initiating the meet and confer process.  Docket No. 30-2 at 2-6.  On November 30, 2015, Plaintiffs' counsel responded to that letter, explaining that, by December 4, 2015, he would "be able to more fully respond to your letter, and . . . to provide supplemental discovery[.]"  Docket No. 33-1 at 14.  After further discussions, the parties agreed that Plaintiffs would "provide supplemental discovery responses" no later than December 3, 2015.  Docket No. 32-3 at 2.

On December 3, 2015, Plaintiffs provided supplemental responses.  *See* Docket No. 30-2 at 8-19 (named Plaintiff's responses).  The next day, on December 4, 2015, Plaintiffs' counsel wrote Defendant's counsel, stating that Plaintiffs "expect that their [s]upplemental [r]esponses adequately resolve all of Defendant's issues[.]" *Id*. at 24. On December 9, 2015, the final day of the discovery period, the parties discussed the issues raised in Defendant's motion during a meet and confer teleconference.  *See* Docket No. 33-1 at 23.  That same day, Defendant filed the motion to compel

---

[1] Defendant's motion concerns Interrogatories Nos. 8, 9, 11, 12, 13 in the first set of interrogatories served on each Plaintiff.  *See, e.g.*, Docket No. 30-1 at 13-16.

presently before the Court.  Docket No. 30.  Later that night, Plaintiffs disclosed their expert report that detailed their damage allegations.  Docket No. 32-4 at 6-16.

### III.    MEET AND CONFER

A threshold issue in the review of any motion to compel is whether the movant made adequate efforts to resolve the dispute without court intervention.  Federal Rule of Civil Procedure 37(a)(1) requires that the party bringing a motion to compel discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

Judges in this District have held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996).  The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993).  To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*.  This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*.  To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.  Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *See, e.g.*, *F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 2558219, *1 (D. Nev. June 10, 2013) (quoting *De Leon v. CIT Small Business Lending Corp.*, 2013 WL 1907786 (D. Nev. May 7, 2013)).

1    Here, Defendant's counsel provided a certification detailing the meet-and-confer conducted.

2  *See, e.g.*, Docket No. 30-2 at 27-29.  Exhibits to both parties' briefing reveal that they discussed the

3  disputed issues at length during a meet and confer telephone call. *See id.*; *see also* Docket No. 32-1 at

4  1-5.  The letters memorializing the parties' meet and confer teleconference establish that, during the

5  conference, the parties presented merits of their arguments, but were ultimately unsuccessful in

6  attempting to persuade the opposing party.  Docket No. 33-1 at 19-24.  The Court finds that these

7  exchanges suffice to discharge counsels' meet and confer obligations.

8    Plaintiffs assert several arguments regarding the inadequacy of Defendant's meet and confer

9  efforts.  First, Plaintiffs complain that Defendant waited until the last day of discovery to contact

10  Plaintiffs regarding these discovery issues.  Docket No. 32 at 7.  The extensive record discussed above,

11  however, shows that the parties exchanged emails and letters well before December 9, 2015, and that

12  Defendant's counsel delayed escalating the meet and confer process because Plaintiffs agreed to further

13  supplement their responses.  *See, e.g.*, Docket No. 32-3 (confirming Plaintiffs' counsel's promise to

14  "provide supplemental discovery responses" no later than December 3, 2015).  Second, Plaintiffs argue

15  that Defendant's alleged failure to warn them of an impending motion to compel corrupted the meet and

16  confer process.  Docket No. 32 at 9.  Yet, the ongoing meet and confer process itself as well as the

17  correspondence of Plaintiffs' own counsel reveals that Plaintiffs were put on notice that "judicial

18  intervention" may be required if the parties' meet and confer efforts proved fruitless. *See id.* (providing

19  that Plaintiffs "hope to resolve these issues in good faith without the need for judicial intervention").

20  Third, Plaintiffs point to a number of disagreements over what occurred during the meet and confer

21  process itself.  *Id* at 8-10.  Rather than invaliding the parties' meet and confer efforts, these

22  disagreements evidence the parties' inability to resolve this dispute despite both counsels' repeated

23  efforts.  The Court therefore finds that an adequate meet and confer occurred prior to the filing of the

24  instant motion to compel.

25  //

26  //

27  //

28  //

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.    DISCOVERY DISPUTES

### 1. Damages

Interrogatory No. 8 asks Plaintiffs "to itemize, quantify, and fully describe the damages [Plaintiffs] seek to recover in this lawsuit." *See* Docket No. 30-1 at 13.  At issue here is whether, in responding to this request, Plaintiffs provided enough specificity regarding their alleged damages. *See, e.g.*, Docket No. 30 at 11; Docket No. 32 at 14.

In contending Plaintiffs' responses lack specificity, Defendant's argument draws an analogy to Rule 26(a), which requires, *inter alia*, disclosure of "a computation of each category of damages." Fed.R.Civ.P. 26(a)(1)(A)(iii); Docket No. 30 at 11-14.  Defendant contends that, because Plaintiffs' responses do not rise to the level of specificity required by Rule 26(a), Plaintiffs should be compelled to disclose an appropriate damage calculation in response to Interrogatory No. 8.  *Id*. at 14.  Plaintiffs counter that their responses were sufficient in light of the information available at that stage of the litigation, and have been supplemented as the case progresses.[2]  Docket No. 33 at 14.  Plaintiffs have the better argument.

"Rule 26(a)(1)(A) requires parties to provide initial disclosures to the opposing party without awaiting a discovery request." *Cardoza v. Bloomin' Brands, Inc*., 2015 WL 3875916, at *2 (D. Nev. June 22, 2015).  "The disclosures must include 'a computation of each category of damages' claimed by the disclosing party." *Id*. (citing Rule 26(a)(1)).  "In the event that a party learns that its disclosures are incomplete or inaccurate, it has a duty to supplement them 'in a timely manner.'" *Id.* (citing Fed.R.Civ.P. 26(e)).  This includes plaintiffs who opt in to actions under the Fair Labor Standards Act. *See Hoffman v. Constr. Protective Services, Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008).

The terms 'computation' and 'category' are not rigidly defined, and "Rule 26 does not elaborate on the level of specificity required in the initial damages disclosure." *Cardoza*, 2015 WL 3875916, at *2 (citing *City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003)).  Rather, the level of specificity required must be gleaned from the purpose of Rule 26(a): to

---

[2] Because Plaintiffs "did not rely on their objections," neither will the Court's analysis.  Docket No. 32 at 11-12.

"accelerate the exchange of basic information" that is "needed in most cases to prepare for trial or make an informed decision about settlement." 1993 Advisory Committee note to Fed.R.Civ.P. 26(a). Accordingly, a "plaintiff's computation of damages should provide sufficient detail to enable the defendants to understand the contours of their potential exposure and make informed decisions regarding settlement and discovery." *Allstate Ins. Co. v. Nassiri*, 2011 WL 2977127, *4 (D. Nev. July 21, 2011).

"A computation of damages may not need to be detailed early in the case before all relevant documents or evidence has been obtained by the plaintiff." *Cardoza*, 2015 WL 3875916, at *2 (citing *LT Game Int'l Ltd. v. Shuffle Master, Inc.*, 2013 WL 321659, *6 (D. Nev. Jan. 28, 2013)). "Nonetheless, the word 'computation' contemplates some analysis beyond merely setting forth a lump sum amount for a claimed element of damages." *Id.* More than mere lists of broad types of damages are required. *Olaya v. Wal-Mart Stores, Inc.*, 2012 WL 3262875, at *2 (D. Nev. Aug. 7, 2012).

"A plaintiff should disclose the basic method or formula by which it contends its damages should or will be calculated even if it cannot identify the specific dollar amount of damages pending further discovery." *Cardoza*, 2015 WL 3875916, at *2 (citing *Nassiri*, 2011 WL 2977127, at *4). The calculation of damages should be made based on the information currently available to a plaintiff. *See Tutor-Saliba*, 218 F.R.D. at 221. "While a party may not have all of the information necessary to provide a computation of damages early in the case, it has a duty to diligently obtain the necessary information and prepare and provide its damages computation within the discovery period." *Cardoza*, 2015 WL 3875916, at *2 (citing *Jackson v. United Artists Theatre Circuit*, Inc., 278 F .R.D. 586, 593 (D.Nev.2011); *see also Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) (damages calculation should be more detailed as the case progresses)). "Hence, as the case becomes more advanced, a plaintiff is expected to prepare a more detailed damages computation based on the discovery obtained pursuant to her obligation to supplement." *Id.* (*citing CCR/AG Showcase Phase I Owner, LLC*, 2011 WL 1947016, *5).

The Court finds an order compelling supplementation of Plaintiffs' responses unnecessary. Much like the process envisioned by *Cardoza*, Plaintiffs initially disclosed a detailed formula using precise categories by which they contended damages should be calculated, and then, as the case became

more advanced, provided detailed damages calculations in their expert's report pursuant to their obligation to supplement. While "[f]uture expert analysis does not relieve the Plaintiffs of the obligation to provide information reasonably available[,]" the Court finds that, as information become available, Plaintiffs supplemented their responses. *See Olaya*, 2012 WL 3262875, at *2. Via expert disclosures, initial disclosures, and the responses themselves, Plaintiffs have provided Defendant the method by which Plaintiffs contend damages will be calculated and a detailed estimate of the damages that will be sought. *See, e.g.*, Docket No. 32-4 at 6-16. These supplements provide sufficient detail to enable Defendant to understand the contours of its potential exposure and make informed decisions regarding settlement. Defendant's analogy to Rule 26(a) disclosures – Defendant's sole legal argument as to the discoverability of Interrogatory No. 8 in its motion to compel – is inapposite.

Defendant, for the first time in reply, attacks the expert report that Plaintiffs disclosed on December 9, 2015. Docket No. 33 at 12. Attempts to raise new issues in reply are procedurally improper. *Queensridge Towers LLC v. Allianz Global Risk US Ins. Co.*, 2015 WL 1403479 at *3 (D. Nev. Mar. 26, 2015) (citing *Eberle v. City of Anahiem*, 901 F.2d 814, 818 (9th Cir. 1990) ("A party is generally prohibited from raising new issues for the first time in its reply brief" as the opposing party is not afforded an opportunity to respond). The Court finds Defendant's arguments fail on this basis alone.[3]

In any event, the Court is not persuaded that Plaintiffs must be required to provide a damage calculation that excludes allegedly non-compensable time. The disputed request asks Plaintiffs to "itemize, quantify, and fully describe the damages" they seek to recover. *See* Docket No. 30-1 at 13. Therefore, it quite simply requests Plaintiffs to fully describe the damages they seek, which, as discussed more fully above, Plaintiffs have already done, and will be required to continue to do pursuant

---

[3] The new issues raised in reply betray the time mismatch that is the source of much of the parties' disagreement. Due to the delays and requests for extensions on both sides, four deadlines were pushed to December 9, 2015: the deadline to complete non-expert discovery, the deadline to meet and confer regarding the discovery at issue, the deadline for Defendant to file its motion to compel, and the deadline for expert disclosures. Docket No. 11 at 3. Thus, Defendant filed the present motion without having the benefit of reviewing Plaintiffs' expert disclosure, and Plaintiffs were left wondering, until Defendant filed its reply, why its disclosure did not cure any immediate need to further supplement its responses. Had the parties diligently conducted discovery, court intervention may have been avoided.

to their obligation to supplement.  Further, to the extent that Defendant complains that Plaintiffs seek damages for non-compensable time, "the Court finds it inappropriate to rule on the merits of the claim in the context of a discovery dispute."  *Walker v. N. Las Vegas Police Dep't*, 2015 WL 8328263, at *2 (D. Nev. Dec. 8, 2015).

The cases cited by Defendant to justify the discovery sought are easily distinguishable.  For example, in *Hoffman*, the Ninth Circuit did not address the issue here: whether Plaintiffs have provided enough specificity regarding their alleged damages.  There, "at no time prior to trial did [the plaintiffs] disclose damage calculations" other than those of the named plaintiffs.  *Hoffman*, 541 F.3d at 1177-78. The Ninth Circuit's analysis did not reach the disputed issue here because the plaintiffs completely failed to disclose "damages for each individual [opt-in plaintiff] other than themselves or for the group as a whole." *Id*. at 1178.  *Hoffman* does not suggest that the plaintiffs themselves contended that their disclosures were adequate on appeal and, instead, states that the plaintiffs argued that they were "substantially justified in failing to disclose damages computations" and that their "failure to disclose was harmless."  *Id*. at 1179-80.  Thus, *Hoffman*'s holding is only that the lower court acted within its discretion in precluding the presentation of "undisclosed evidence of damages," when the party's failure to disclose was not substantially justified or harmless.  *Id*. at 1180.

Here, in contrast, Plaintiffs provided such a disclosure and, therefore, Defendant is incorrect in asserting that "there is Ninth Circuit authority expressly disapproving of the very tactics which the [Plaintiffs] have employed here."  Docket No. 33 at 12.  Other courts have similarly read *Hoffman*:

> The case on which Defendants rely in support of this argument – *Hoffman v. Construction Protective Servs.*, 541 F.3d 1175 (9th Cir. 2008) – is inapposite. That case involved plaintiffs who did not disclose damage calculations "neither for each individual Opt-in Plaintiff other than themselves or for the group as a whole." *Id.* at 1177-78. Here, by contrast, there is no dispute that Plaintiffs' initial disclosures estimated damages for the named Plaintiffs and informed Defendants that they would supplement those disclosures once discovery had been taken.  Plaintiffs subsequently produced Dr. Abbott's expert report which set forth the total amount of damages . . . .

*Khadera v. ABM Indus. Inc*., 2012 WL 581580, at *4 n.5 (W.D. Wash. Feb. 22, 2012); *accord Jackson*, 278 F.R.D. at 594 ("the Ninth Circuit affirmed the district court's order excluding plaintiffs' damages evidence because they failed to provide any computation of damages prior to the pretrial conference"); *CCR/AG Showcase Phase I Owner, LLC*, 2010 WL 1947016, at *6 (explaining that, in *Hoffman*, the

"lead plaintiffs failed to provide a computation of damages for the opt-in plaintiffs, either individually or as a group, before the pretrial conference").

Defendant's general reliance on cases where plaintiffs failed to provide any specificity regarding damages disclosures is misplaced as they do not address the issue here: whether Plaintiffs have provided adequate specificity regarding their alleged damages as that information became available. *See, e.g.*, Docket No. 32 at 14-15 (Plaintiff distinguishing cases). Because the Court finds that Plaintiffs' responses are sufficient, Defendant's motion to compel, as to this issue, is **DENIED**.

### 2. Income and Unpaid Wages

The next category of disputed interrogatories, *inter alia*, asks Plaintiffs to identify the wages they allegedly did not receive as well as the amount of tips, bonuses, income that Plaintiffs did "receive[] from Defendant." *See, e.g.*, Docket No. 30-1 at 13-16. The only argument that Plaintiffs meaningfully develop in opposition to these requests is that they properly responded to them by relying upon Rule 33(d).[4] Docket No. 32 at 15-17. Specifically, Plaintiffs contend that Rule 33(d) permits them to respond to Defendant's interrogatories by stating the answer can be found in Defendant's business records. *Id.* at 16. Defendant counters that Plaintiffs have waived their Rule 33(d) objection and, in any event, failed to comply with the requirements of Rule 33(d). Docket No. 33 at 14-15.

A party responding to interrogatories may answer by producing its business records if the answer may be determined by summarizing those records and the burden will be substantially the same for either party. Fed.R.Civ.P. 33(d). The responding party must specify "the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." *Id.* "The responding party must also give the interrogating party 'a reasonable opportunity' to examine the records." *Taylor v. Aria Resort & Casino, LLC*, 2013 WL 2355462, at *4

---

[4] In a footnote, Plaintiffs contend they also assert various other objections against this discovery. Docket No. 32 at 17 n.6. However, "[t]he party opposing discovery has the burden of showing that the discovery is irrelevant, overly broad, or unduly burdensome." *Fosbre v. Las Vegas Sands Corp.*, 2016 WL 54202, at *4 (D. Nev. Jan. 5, 2016) (citing *Graham v. Casey's General Stores*, 206 F.R.D. 251, 253-4 (S.D. Ind. 2000)). To meet this burden, the objecting party must specifically detail the reasons why each request is objectionable. *Id.* (citations omitted). Plaintiffs' footnote argument fails to meet this burden as to these requests.

(D. Nev. May 29, 2013). "The proper way to use Rule 33(d) is to offer records in a manner that permits the same direct and economical access that is available to the responding party." *Id.* The Advisory Committee explains that this subdivision relates specifically "to interrogatories which require a party to engage in burdensome or expensive research into his *own* business records in order to give an answer." 1970 Amendment Advisory Committee note to Fed.R.Civ.P. 33 (emphasis added); *see also* 1980 Amendment Advisory Committee note.

Accordingly, courts and commentators have long agreed that Rule 33(d) applies "only where the answers to interrogatories may be found in the business records of the party upon whom the interrogatories have been served." *Calhoun v. Liberty Nw. Ins. Corp.*, 789 F.Supp. 1540, 1549-50 (W.D. Wash. 1992) ("Rule 33(c)[, now Rule 33(d),] applies only where the answers to interrogatories may be found in the business records of the party upon whom the interrogatories have been served."); *accord Little Hocking Water Assn., Inc. v. E.I. Du Pont De Nemours & Co.*, 2013 WL 608154, at *41 (S.D. Ohio Feb. 19, 2013); *McKie v. Sears Prot. Co.*, 2011 WL 1670910, at *1 (D. Or. May 3, 2011) ("Rule 33(d) provides an alternative method for a party to respond to an interrogatory when the answer may be derived from the business records of the responding party"); *Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1165 (9th Cir. 1998) (responding party's records); *Rainbow Pioneer v. Hawaii-Nevada Inv. Corp.*, 711 F.2d 902, 906 (9th Cir. 1983) (responding party's records); *McMaster v. Spearman*, 2014 WL 2712212, at *4 (E.D. Cal. June 16, 2014) ("Under Rule 33, a responding party may produce business records in response to an interrogatory").

In this case, Plaintiffs misread Rule 33(d) and, therefore, fail to comply with its requirements. Since Rule 33(d) applies only where the answers to interrogatories may be found in the business records of the party upon whom the interrogatories have been served, Plaintiffs cannot answer Defendant's interrogatories by referring Defendant to Defendant's own business records. Rather, as the responding party, Plaintiffs' permissible use of Rule 33(d) is limited to their own business records, if any. Accordingly, Plaintiffs' invocation of Rule 33(d) is misguided, and Defendant's motion to compel on this issue is **GRANTED**.

//

//

**V.     CONCLUSION**

For the reasons discussed more fully above, Defendant's motion to compel is **GRANTED** in part and **DENIED** in part.

IT IS SO ORDERED.

DATED:   March 10, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

11