UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTY MCSWIGGIN and KEVIN MCSWIGGIN,<br><br>Plaintiffs,<br><br>v.<br><br>OMNI LIMOUSINE,<br><br>Defendant. | Case No. 2:14-cv-02172-JCM-NJK<br><br>ORDER |

Presently before the court is named plaintiffs Christy and Kevin McSwiggin's motion to certify a class pursuant to Federal Rule of Civil Procedure 23, defendant Omni Limousine's motion for decertification of the conditional class formed pursuant to the Fair Labor Standards Act ("FLSA"), and defendant's objection to Magistrate Judge Koppe's September 23, 2016, order denying defendant's second motion to strike. (ECF Nos. 35, 36, 68). The parties have filed responses and replies for the first two motions, and plaintiffs have filed a response to defendant's objection. (ECF Nos. 41, 43, 53, 55, 69).

Plaintiffs filed a class action complaint on December 19, 2014, alleging seven causes of action against defendant that involve their compensation for their employment as "Chauffeurs/Limousine drivers." (ECF No. 1 at 5). On July 16, 2015, this court granted plaintiffs' motion for circulation pursuant to 29 U.S.C. § 216(b), allowing plaintiffs twenty-eight days to provide notice and establishing an opt-in period for putative class members spanning 90 days. (ECF Nos. 21, 63).

### A. Motion to certify

On July 29, 2016, this court denied plaintiffs' motion to extend time to provide notice, finding that plaintiffs' realization that no notice had been given—fifty-one days after the close of time to do so—was inexcusable neglect. (ECF No. 63). Reasoning that "prospective plaintiffs cannot opt-in to litigation of which they have not received notice," this court also deemed the opt-in period as expired. (*Id.* at 7).

Federal Rule of Civil Procedure 23(a) mandates that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if . . . the class is so numerous that joinder of all members is impracticable." A class's certification may be questioned for failure to satisfy this numerosity requirement. *See Harik v. California Teachers Ass'n*, 326 F.3d 1042, 1051 (9th Cir. 2003). A class comprised of an insufficient number of members will not be allowed to form. *See id.* (citing *General Tel. Co. v. EEOC*, 446 U.S. 318, 330 (1980)) ("The Supreme Court has held [a fifteen-person class] is too small.").

In this case, plaintiffs have submitted four notices of filing of consent to joinder. (ECF Nos. 13, 39, 50, 61). Together, these notices indicate that fifteen individuals wish to participate in the litigation. *See* (ECF No. 13, 39, 50, 61). Yet, plaintiffs acknowledge that the deadline for opting into the litigation was November 16, 2015. (ECF No. 29). All notices but the first—which involved only six individuals—were filed after that deadline. (ECF Nos. 13, 39, 50, 61).

Even if all of the joinders were timely, the proposed class still would fail the numerosity requirement. *See Harik*, 326 F.3d at 1051. This is true even by plaintiffs' own arguments. *See* (ECF No. 35 at 3) (citing *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 102 F.R.D. 457, 461 (N.D. Cal. 1983)). Therefore, plaintiff's motion is denied, and the purported class will not be certified under Rule 23.

### B. Defendant's motion for decertification

Employees, for themselves and "employees similarly situated," may sue their employers under the FLSA. 29 U.S.C. § 216(b); *see Senne v. Kansas City Royals Baseball Corp.*, 315 F.R.D. 523, 585 (N.D. Cal. 2016). A collective action under the FLSA is certified at two stages. *See, e.g.*, *Senne*, 315 F.R.D. at 585. This court has already ruled to conditionally certify this FLSA

class during the "notice" stage, which requires a putative class seeking conditional certification to satisfy a low factual threshold. *See Greene v. Alan Waxler Grp. Charter Servs., LLC*, 2014 WL 2919162, at *2 (D. Nev. June 26, 2014) (quoting *Small v. Univ. Med. Ctr. of S. Nev.*, 2013 WL 3043454, at *1 (D. Nev. June 14, 2013); *see also* (ECF No. 21).

After discovery, district courts reassess whether an FLSA class is "similarly situated" pursuant to the FLSA.[1] *See Greene*, 2014 WL 2919162, at *2. To that end, this court examines "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the [proper] filings."[2] *Id.* (quoting *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001)).

As an initial matter, any potential class asserted under the FLSA in this case must be restricted to those six individuals indicated in the timely notice of filing of consents to joinder. (ECF No. 13). To do otherwise would effectively eviscerate this court's July 29, 2016, order denying plaintiffs' motion to extend the notice and opt-in deadlines. (ECF No. 63). Moreover, plaintiff has offered declarations from each individual in that putative class.

Christy McSwiggin indicates that she did not receive additional overtime compensation when she worked more than 40 hours a week, was required to perform actions before, after, and in-between driving tasks without compensation, "[defendant] . . . regulated [her] appearance, conduct, and activities while performing them," and had driven an interstate trip. (ECF No. 43-4 at 30–34).

Kevin McSwiggin similarly states that he is not paid overtime for alleged labor performed prior to his shift, waited or worked between rides without compensation for about two hours each day although his behavior and appearance was regulated—purportedly pursuant to defendant's Chauffeur Handbook, and he echoes Christy's sentiment that "[i]t is my belief that, outside of a

---

[1] This court issues this order cognizant that a class action under 29 U.S.C. § 216(b) is separate from one governed by Federal Rule of Civil Procedure 23(a). *See Greene*, 2014 WL 2919162, at *1–2.

[2] The court is satisfied in this case that the parties have made the appropriate filings addressing the present decertification question.

few select employees, no other chauffeur/limousine drivers at Omni are regularly assigned interstate trips." (*Id.* at 36–41).

Next, Dawn-Marie Voss declares that she "was only paid for the time [she] spent actually driving the client" and likewise alleges that she was not compensated for overtime or for time allegedly spent working before, in between, or after dropping off patrons. (*Id.* at 82–83). Ms. Voss asserts that she has only done one interstate trip while working for Omni. (*Id.*).

Mark Voss asseverates the same allegations as the prior individuals who joined the action such as a lack of pay for overtime or alleged compensable work done before, in-between, or after work; however, he states that he has performed multiple interstate trips. (*Id.* at 87–89).

Bruce Williams asserts roughly the same facts, except that he has never performed an interstate trip. (*Id.* at 91–94). The final potential member of the class, Nita Brandelius-Stern reasserts these common allegations, but she has never driven an interstate trip. (*Id.* at 78–80). Accordingly, it appears that the factual and employment settings of these six individuals are not excessively different from one another. *See Greene*, 2014 WL 2919162, at *2. In sum, it appears that the six putative members of the FLSA class all allege factually similar allegations regarding the circumstances of their employment and compensation against defendant.

Turning to defendant's arguments, this court first acknowledges defendant's reply offering cases where district courts have decertified FLSA classes because the class size was too small. (ECF No. 53). Although the courts in *Griffith v. Fordham Fin. Mgt.*, 2016 U.S. Dist. LEXIS 10459 at *9 (S.D.N.Y., Jan. 28, 2016), and *Keef v. M.A. Mortenson Co.*, 2009 U.S. Dist. LEXIS 14358, at *8 (D. Minn., Feb. 24, 2009), found that argument persuasive, this court is not aware of any "numerosity" requirement for an FLSA class. *See Greene*, 2014 WL 2919162, at *2; *see also Verma v. 3001 Castor, Inc.*, 2016 U.S. Dist. LEXIS 164026, at *19 (E.D. Pa. Nov. 29, 2016) (reasoning that citation to *Keef* was unpersuasive). Indeed, there is no issue of "enthusiasm," here but rather a failure to provide timely notice.[3] *See Griffith*, 2016 U.S. Dist. LEXIS 10459 at *9 (S.D.N.Y., Jan. 28, 2016); *see also* (ECF No. 63).

---

[3] Although this court is cognizant that a relatively small class does not produce the same efficiency benefits from collective litigation as a larger class would, this court makes this determination in light of the FLSA decertification standard. *See Greene*, 2014 WL 2919162, at *2.

Defendant's motion to decertify endeavors to show that the FLSA class members are not "similarly situated." (ECF No. 36). Its arguments applicable to the present motion include, *inter alia*, that drivers' daily activities differ in terms of pre-shift activities, mid-shift activities, unpermitted mid-shift activities, meal breaks, and post-shift activities. (*Id.*). Next, defendant asserts that individual workers have correspondingly individualized credibility issues, particularly as it pertains to the alleged "dishonest practice among Omni's drivers of 'stealing rides.'" (*Id.* at 12). Further, defendant asserts that individual drivers' non-compensable off-duty activities and the billing system's rounding practices require individualized examination. (ECF No. 36). Finally, defendant asserts that the "piece-rate" system is suitable for the limousine driver profession and permissible under the FSLA, and otherwise addresses the merits of the case as it pertains to interstate travel and "overtime experiences." (*Id.* at 13, 19); *see also* C.F.R. 778.418(b).

Relevantly, this court in *Greene* ruled that "merely pointing to differences in minor details, such as what work was required off the clock, does not constitute a 'disparate factual or employment setting.'" 2014 WL 2919162, at *3 (quoting *Schemkes v. Presidential Limousine*, 2011 WL 868182, at *3 (D. Nev. Mar. 10, 2011)). Therefore, the major point of defendant's argument that is reiterated throughout its discussion of individual considerations for FLSA decertification, that individual work experiences may be different among potential class members, is unpersuasive in light of these particular allegations and this conditional class.

Defendant suggests that the time between tasks is used by drivers for dishonest acts. (ECF Nos. 36, 36-9). Plaintiffs respond that "[d]efendant does not allege or provide evidence showing that any Plaintiff engaged in this practice." (ECF No. 43 at 21 n.47). In its reply, defendant protests that this response does not account for Kevin McSwiggin's admission "that one-third of the putative collective action members engaged in 'stealing rides.'" (ECF Nos. 36 at 10, 53 at 14 n.9). Upon review, that deposition does identify any of the current plaintiffs as engaging in that practice. (ECF No. 36-9 at 11–12).

With respect to interstate activities, Omni asserts that its divers are exempt from overtime activities pursuant to the Federal Motor Carriers Act, and defendant also states that the piecework system of compensation is legally acceptable. (ECF No. 36). However, the standard for

addressing the second stage of the FLSA certification process does not include an assessment of the legal merits of a defendant's arguments, just a consideration of the individualized or collective nature of the case. *See Greene*, 2014 WL 2919162, at *2. Therefore, the underlying merits of the class's claims should not be adjudicated at this stage of the litigation. Similarly, defendant's citation to *Berry v. County of Sonoma*, does not control here because that adjudication involved the merits of an FLSA claim. *See* 30 F.3d 1174, 1182 (9th Cir. 1994). Moreover, defendant's citation to *Integrity Staffing Solutions, Inc. v. Busk*, is not helpful to its argument, and the alleged contents of defendant's Chauffeur Handbook and the plaintiffs' declarations may suggest that drivers have been employed in part to perform the relevant non-driving activities. *See* 135 S. Ct. 513, 519 (2014) (clarifying an issue of law whether the time workers spent submitting to security screenings was compensable under the FLSA); *see also* (ECF Nos. 43-2, 43-4).

Finally, a defendant should not be allowed to hide behind its own imprecise timekeeping system to automatically prevail on a motion for decertification—a relatively early stage of this proceeding. *See Bao Yi Yang v. Shanghai Gourmet, LLC*, 471 F. App'x 784, 787 (9th Cir. 2012) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) (partially superseded by statute on other grounds, as described in *IBP, Inc. v. Alvarez*, 546 U.S. 21, 26 (2005)) (discussing factual burdens in the context of an appeal from a bench trial judgment). Therefore, defendant's discussion of rounding errors or other idiosyncratic timekeeping practices does not defeat plaintiffs' conditional certification.

Regarding fairness and procedural issues, defendant voices its concerns that statistical evidence would violate its due process rights and reiterates the procedural difficulty of handling individualized issues of liability. (ECF No. 36). Due to the unusual proceedings in this action resulting in the FLSA class's restriction to only six individuals, this court has little concern regarding the manageability of this case.[4] Moreover, the class size in this case alleviates some worry regarding unfairness that could arise due to a supposed need or temptation to solely use statistical or representative evidence. If defendant is concerned about the kinds of evidence that it

---

[4] As discussed above, these class members have already submitted individual declarations for the record. (ECF No. 43-4).

believes plaintiff may offer, it has the means to express those concerns to the court, such as a motion *in limine*.[5]

In addition, defendant's reply refers to this court's decision in *Hinojos v. Home Depot, Inc.*, 2006 WL 3712944, at *3 (D. Nev. Dec. 1, 2006). However, that decision rested on manageability concerns as well as the lack of "common representatives who could testify about a single policy or practice applicable to the class as a whole" due to a lack of "factual nexus." *Id.* at *2–3 ("The Court has not been presented with evidence of any improper common practice, policy, or culture at Home Depot that would justify conditional certification on a nationwide basis."); *see also Young v. Cate*, 2013 WL 684450, at *5 (E.D. Cal. Feb. 22, 2013) (recognizing plaintiffs' limited knowledge and lack of indication of an "overarching policy" when denying conditional certification).

There is no large number of disparate employing entities here that would render testimony regarding common policies problematic, and plaintiffs' declarations indicate common, overarching policies. *See* (ECF No. 1); *see also Hinojos*, 2006 WL 3712944, at *1–3. Furthermore, defendant has not illustrated that this court's particular concern in *Hinojos* regarding clear "contradictions between plaintiffs' declarations and their deposition testimony . . . show[ing] the importance of cross-examination of each plaintiff" is present. 2006 WL 3712944, at *3. Accordingly, *Hinojos* is distinguishable from the present case. *See id.*

To conclude, it appears that plaintiffs, in the particular circumstances of this case, are sufficiently "similarly situated" under the FLSA to survive defendant's motion for decertification.

### C. Defendant's objection to the magistrate judge's order

Regarding defendant's objection to Magistrate Judge Koppe's order, plaintiffs accurately argue that defendant has failed to file a timely objection to that order. (ECF Nos. 68, 69). Local Rule IB 3-1 states: "The deadline to file and serve any objections to a magistrate judge's order is 14 days after service of the order." Magistrate Judge Koppe's order is dated September 23, 2016. (ECF No. 67). Thus, October 7, 2016, was the deadline to file the relevant objection. *See* LR IB

---

[5] This court is cognizant that Magistrate Judge Koppe denied—without prejudice—defendant's refiled motion to strike the opinions of plaintiff's expert witnesses and request for a *Daubert* hearing. (ECF No. 67).

3-1; *see also* Fed. R. Civ. P. 6(a)(1).  Yet, defendant filed its objection on October 11, 2016.  (ECF No. 68).  Therefore, defendant's objection is denied as untimely.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion to certify a class (ECF No. 35), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion for decertification (ECF No. 36) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's objection to Magistrate Judge Koppe's order (ECF No. 68) be, and the same hereby is, DENIED as untimely.

IT IS FURTHER ORDERED that the untimely joinders (ECF Nos. 39, 50, 61) be, and the same hereby are, STRICKEN.

DATED THIS 23rd day of January, 2017.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE